258 P.2d 386

**HALL v. STILES et al.**

No. 5541.

Supreme Court of New Mexico.

June 10, 1953.

Neal & Girand, Hobbs, for appellants.

Carpenter & Eaton, Roswell, for appellees.

COMPTON, Justice.

Appellee instituted this action under the wrongful death statute. Section 24–101, 1941 Comp. A companion case is Trefzer v. Stiles, 56 N.M. 296, 243 P.2d 605.

On the night of November 11, 1949, an east bound truck pulling a trailer loaded with cattle, due to mechanical conditions, became disabled on the highway in the lane of the east bound traffic, some twenty-eight miles west of Roswell. The truck and trailer belonged to appellants and the truck was being driven by their employee and agent, Henry M. Craig. The driver, being unable to move the truck and trailer, left them setting on the paved portion of the highway with clearance lights burning but without putting out flares, fuses, flags or other warnings. In fact the truck was not equipped with any such devices. Instead of remaining with the disabled vehicle and giving such warning as he could to the drivers of vehicles who might later use the highway during the night, the driver caught a ride into Riverside, some four miles to the west, where he telephoned to his employers and advised them of the trouble. He caught a return ride to the truck to see about the condition of the cattle in the trailer, after which he returned to Riverside where he remained until he learned of the accident resulting in the death of the intestate. The deceased was driving and as his car approached from the west, he met another truck coming from the east a short distance from the point where appellant's truck was parked. It was night time and both vehicles dimmed their lights to pass and immediately after passing, the car driven by the deceased crashed into the rear end of the trailer attached to the parked truck. The driver was instantly killed in the collision.

The cause was tried to a jury which returned a verdict for appellee in amount of $50,000. Judgment was rendered accordingly and appellants appeal.

██ In the presence of the jury appellee called Henry Craig, appellants' driver, as an adverse witness. It is contended that the court erred in permitting appellee to call him as an adverse witness since he was not a party to the suit nor had he shown himself to be an unwilling or hostile witness. In this regard the record discloses the following:

"Mr. Carpenter:—We make the announcement we are calling Mr. Craig as an adverse witness.

"Mr. Watts:—Counsel cannot call this witness as an adverse witness, he is not a party to the suit, he is not even employed by the defendant, and has no interest in the outcome of this case one way or the other, and cannot be called as an adverse witness under those circumstances."

At this point the following took place in the absence of the jury:

"Mr. Carpenter:—If the Court please the plaintiff desires to call Henry Craig as an adverse or hostile witness in this case and with the privilege attendant upon his such witness. He was the driver of the truck involved in the accident and is brought here by the defendant as a witness in his behalf, I presume, and for that reason I think we are entitled to use him as an adverse witness.

"Mr. Watts:—This witness was charged with the crime of Manslaughter and was tried and found not guilty by a jury in Lincoln County. At the time of the accident in question he was employed by the defendants, he has not been in their employ since that time. He is not a party to this suit, he has no interest pecuniary or otherwise in the outcome of this suit. He is here having been called here by the defendants. If we should put him on the witness stand counsel for Plaintiff would have the right to cross-examine him, of course. I do not know whether or not I will call him as a witness or not, it depends on what the plaintiff's proof at the end of their case as to whether or not I put him on.

"There is certainly nothing to indicate a hostile attitude by the witness toward the plaintiff nor an adverse attitude toward the plaintiff in that he has nothing to gain or lose regardless of any judgment against the defendants or either of them in that he is not a party to the action, being one of the drivers of the defendant's at the time of the accident.

"The Court:—Has the Statute of Limitations run against the possibility of a civil suit against him?

"Mr. Carpenter:—No sir.

"The Court:—I will hold the witness may be examined as a hostile witness.

"Mr. Carpenter:—I want to state further that in the complaint he is charged as the agent operating in the course of his employment which fact is admitted by the pleadings, therefor I think we are entitled to use him.

"The Court:—I think the circumstances are such the Court is justified in holding he may be cross-examined as a hostile or adverse witness."

Section 20-113, 1941 Comp. and Rule 43(b) Rules of Civil Procedure, afford the only means of calling on opposite or adverse party; but this error, if error it be, does not constitute grounds for reversal. The witness was not interrogated as an adverse witness nor was there any occasion to do so. Our attention has not been directed to any testimony of the witness which resulted from leading questions, nor were any asked. The mere declaration that a person is being called as an adverse witness, absent a showing of prejudice, does not constitute reversible error, and no prejudice is shown. For a discussion of Federal rule 43(b), 28 U.S.C.A., U. S. v. Uarte, 9 Cir., 175 F.2d 110; Uarte v. U. S., D.C., 7 F.R.D. 705.

 The deceased was first married to Betty Hall, to which marriage there was born one child. They were divorced January 9, 1948 and thereafter, on August 21, 1948, he married Zelpha Louise Hall, and to this marriage there was born one child, Robin Lyn Hall. Subsequently, on September 1, 1948, he and his former wife, Betty T. Hall, went through a marriage ceremony. She was riding with him at the time and was also killed in the accident. As might be expected a controversy arose as to the persons entitled to the judgment in the event of recovery, and Zelpha Louise Hall, for herself and minor daughter, upon petition, was permitted to intervene as parties plaintiffs. She alleged in her petition that the administrator, R. J. Hall, did not recognize her rights nor the rights of her minor child. It is now claimed that the court erred in permitting the widow and minor child to intervene. We have repeatedly held that actions under the statute may be brought by the personal representative of the deceased person only. Romero v. Atchison T. & S. F. Railway Co., 11 N.M. 679, 72 P. 37; Henkel v. Hood, 49 N.M. 45, 156 P.2d 790; Mallory v. Pioneer Southwestern Stages, 10 Cir., 54 F.2d 559. Nevertheless, at a pretrial conference held long prior to the hearing, when all parties were present, the purpose of which, among other things, was to determine the persons entitled to share in any judgment which might be obtained, counsel then representing appellants insisted that all parties claiming injury should be named

in the complaint. Note the remarks of counsel:

"Mr. Watts:—I will insist that the parties claiming injury should be definitely named in the Complaint, and I think the injured parties are the surviving widow and children. I do not care who they are but I want them named as it will be material as to what their status in life is and what earnings they have been receiving from the deceased prior to his death in order that the court may determine as to what their lot has been."

Clearly, the error was invited and appellants are now in no position to complain. Gonzales v. Sharp & Fellows Contracting Co., 48 N.M. 528, 153 P.2d 676.

■ It is strongly asserted that the judgment is excessive and that we should order a remittitur or grant a new trial. It cannot be questioned that the court should grant relief from excessive verdicts. Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442. But the findings of the jury should not be disturbed as excessive, except in extreme cases, as where it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive where palpable error is committed by the jury, or where the jury has mistaken the measure of damages. However, the mere fact that a

jury's award is possibly larger than the court would have given is not sufficient to disturb a verdict. In death actions, the age, occupation, earning capacity, rate of wages, health, habits, and probable duration of the life are proper elements of inquiry. Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257; Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407.

■ In this instance, the deceased was a person of quiet habits and healthy, 24 years of age with a life expectancy of 39.49 years. Aside from being a truck driver, he was a structural steel worker and his earnings as such were $2.25 per hour. In consideration of these facts, we cannot say the verdict is excessive.

Appellants requested the following instructions, the refusal of which is assigned as error:

"You are further instructed that if you find and believe from a preponderance of the evidence that the decedent, in the operation of his automobile at the time of the accident did fail to keep a proper look-out ahead or did fail to keep his automobile under proper control, as that term is herein defined, and that his failure to do so contributed to the cause of said accident then your verdicts should be in favor of the Defendants and against

the Plaintiff. You are further instructed that if you find and believe from a preponderance of the evidence that the decedent, John L. Hall could have, with the exercise of ordinary diligence, seen the peril of the defendant's truck and could have thereby avoided the collision then, you would be warranted in finding your verdicts in favor of the Defendants and against the Plaintiff.

"You are further instructed that if you find and believe from a preponderance of the evidence that the decedent, in the operation of his automobile at the time of the accident did fail to keep a proper look-out ahead or did fail to keep his automobile under proper control, as that term is herein defined, and that his failure to do so contributed to the cause of said accident then your verdict should be in favor of the defendants and against the plaintiff. You are further instructed that if you find and believe from a preponderance of the evidence that the decedent John L. Hall, could have, with the exercise of ordinary diligence avoided the collision then you would be warranted in finding your verdict in favor of the defendants and against the plaintiff."

It is argued that the court erred in failing to properly instruct as to the issue of contributory negligence, however, the court gave instructions 6 and 10a, which read:

"6. You are instructed that the defendants have interposed the defense of contributory negligence and that the contributory negligence of the plaintiff's decedent was the proximate cause of his alleged death. In this connection you are charged that if you should find from a preponderance of the evidence in this case that the defendants, through their agent and servant, were negligent and that such negligence was a reckless, willful and wanton disregard of human life and of the consequences of his or their acts, then you are instructed that you may and it is your duty to disregard the defense of contributory negligence, and it will be your duty to find for the plaintiff and assess his recovery at such amount as you find he is entitled not to exceed the sum of $75,-000.00. In this connection you are instructed that the negligence on the part of the defendants in the parking of their truck on said highway without flares and unattended is a circumstance to be considered along with all of the evidence in determining whether or not the defendants have waived their right to interpose the defense of contributory negligence.

"10a. You are further instructed that in the event you do not find from a preponderance of the evidence that the negligence of the defendants was a reckless, wilful and wanton disregard of human life and of the consequences of his or their acts as set forth in Instruction No. 6 herein, and you thereafter find from a preponderance of the evidence that the decedent in the operation of his automobile at the time of the accident did fail to keep a proper look-out ahead, or did fail to keep his automobile under proper control as that term is herein defined, or that the decedent John L. Hall could have with the exercise of ordinary diligence avoided the collision, and that such acts or such failure to act contributed to the cause of the said accident, then your verdict should be in favor of the defendants and against the plaintiff; otherwise, you will find for the plaintiff and against the defendants."

It is obvious that the instructions given fully covered the issue of contributory negligence. Contributory negligence will be denied as a defense where the act of negligence of a defendant shows a reckless, wilful and wanton disregard of human life and the consequences of his acts. Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, rehearing denied 46 N.M. 492,

131 P.2d 981. The tendered instructions were correctly refused.

The judgment will be affirmed and it is so ordered.

McGHEE, COORS and LUJAN, JJ., concur.

SADLER, C. J., not participating.