289 P.2d 626

Edward M. STOLL, Sr., and Jean Stoll and Edward M. Stoll, Jr., a Minor, by his next friend, Edward M. Stoll, Sr., Plaintiffs-Appellees,

v.

GALLES MOTOR COMPANY, a Corporation, and Noel Gardner, Defendants-Appellants.

No. 5943.

Supreme Court of New Mexico.

Nov. 4, 1955.

Simms & Modrall, George T. Harris, Jr., Albuquerque, for appellants.

Rueckhaus & Watkins, Albuquerque, for appellees.

McGHEE, Justice.

Plaintiffs instituted this action against defendants for personal injuries and property damage arising out of an automobile collision which occurred on December 9, 1953, at a point on Second Street, S.W., outside the City of Albuquerque, New Mexico. The accident occurred directly in front of the warehouse of the defendant corporation. The plaintiff, Edward M. Stoll, Sr., was driving his automobile north along said street and the defendant, Gardner, was driving an automobile of the defendant corporation (his employer) south on said street, intending to make a left turn into the defendant's warehouse. The two cars collided head-on in the northbound lane of travel when the defendant Gardner had commenced his left turn.

From a judgment in favor of the plaintiffs following trial to a jury, the defendants appeal. Their first point asserts it was error for the trial court to refuse to instruct the jury as to the statutory definition of a business district and the lawful speed limit therein, in connection with their defense of contributory negligence as to Stoll, Sr. The defendants tendered instructions declaring that the statutory speed limit in any business or residence district is 25 miles per hour, § 64-18-1, N.M.S.A., 1953 Comp., and setting forth the statutory definition of a business district, § 64-14-20, N.M.S.A., 1953 Comp.

The last mentioned section defines business district and residence district as follows:

"(a) Business district. The territory contiguous to and including a highway when within any 300 feet along such highway there are buildings in use for

business or industrial purposes, including but not limited to hotels, banks, or office buildings, railroad stations, and public buildings which occupy at least 50 per cent of the frontage on one (1) side or 50 per cent of the frontage collectively on both sides of the highway.

"(b) Residence district. The territory contiguous to and including a highway not comprising a business district when the property on such highway for a distance of 300 feet or more is in the main improved with residences or residences and buildings in use for business."

The plaintiff, Stoll, Sr., admitted he was driving in excess of 25 miles per hour just prior to the accident. The question for our review, then, is whether or not there was evidence warranting the giving of the instruction on business districts, or, otherwise phrased, whether there was substantial evidence from which the jury could have found the area in question was a business district under the statutory definition.

The defendants rely upon the testimony of Adolphus O. Pipkin, Jr., Albuquerque police officer, to establish the area was a business district. Officer Pipkin, at the request of counsel for the defense, took measurements of the buildings fronting on Second Street in the area in question. Starting from the gate into the Galles Motor Company's warehouse, going north, he measured 165 feet of actual frontage, and measured 127.3 feet of building frontage; going south, he measured 475.9 feet of actual frontage, and measured 269.2 feet of building frontage, from the center line of the entrance gate. On cross examination the witness testified that within any 300 feet along the street business buildings occupied less than 50 percent of the total frontage. His testimony was:

"Q. I am asking you about 300 feet, including all of the buildings. A. It is less than 50 per cent.

"Q. Now, you can say that it is less than 50 per cent? A. Yes, sir.

"Q. Now, on the other side of the highway, on the west side, isn't there anything over there on the highway? A. There is nothing there, there are the Henning farms, situated north of the gate."

Defendants say that it is completely immaterial whether Pipkin testified at one point that more than 50 per cent of the highway frontage was occupied by business buildings and at another point testified that less than 50 per cent was so occupied, asserting that they are entitled to the strongest inferences that can possibly be drawn from Pipkin's testimony, disregarding completely any contradiction made by him upon cross-examination.

No authority is cited for this novel evidentiary approach and we doubt that any can be found for this contention that the blasting of a witness' direct testimony on cross examination has no effect on its substantiality. But the fact is that the witness did not at any time say that within a given space of 300 feet of highway frontage fifty per cent was covered by buildings in use for business purposes. The most that could be said of his direct testimony is that by taking a total distance of 640.9 feet he found 396.5 feet of building frontage. When the witness was pinned down on cross examination he asserted that within any given 300 foot distance the building frontage was less than fifty per cent.

■ There being no substantial evidence that the area in question was a business district within the requirement of § 64-14-20, supra, it was not error for the trial court to refuse to instruct the jury on that issue. Floeck v. Hoover, 1948, 52 N.M. 193, 195 P.2d 86.

In view of the ruling made, it becomes unnecessary to consider the contentions of the parties respecting whether buildings considerably recessed from the highway may be included in a computation of frontage.

The remaining contention of the defendants is that the verdict of $10,000 rendered with respect to the claim of Edward M. Stoll, Jr., was excessive. We have carefully examined the evidence and exhibits relating to the extent of injuries sustained by this thirteen year old boy and the likelihood and extent of permanent damage.

The boy was thrown into the windshield of the Stoll automobile upon the impact of collision. He broke the windshield with his face and sustained three severe cuts; one cut on his forehead extended down from the hairline for some two and a half inches; a second cut commenced beneath the right eye and extended from the left corner of the eye downward and across the cheek to the right for three and a half inches; the third cut was a half inch in length, about the middle of the right side of the nose. The cuts were deep, but did not lay bare the bone. He suffered profuse bleeding from them.

In this condition he was taken three and a portion miles to a hospital, where his attending physician, Dr. Rosenbaum, and an assisting doctor administered local anesthesia and spent an hour and fifteen minutes in emergency surgery performing the work of stopping the flow of blood and sewing up the wounds. The boy testified he thought about 54 stitches were taken, while the attending physician estimated the stitches at 36.

The cuts and their treatment were painful and the boy remained in the hospital

for two days in a condition which the doctor said would have been painful. Removal of the stitches was commenced on the fifth day after surgery. The face of the boy is presently disfigured as a result of his injuries. Although the disfigurement may be lessened with the passage of time, all of the doctors testifying asserted that at some time in the future plastic surgery should be undertaken and that even then some evidence of scars will remain. The cost of such plastic surgery was estimated at from $1,000 to $2,000, including hospitalization charges for approximately one week. Young Stoll testified he suffers present discomfort in the sensation of pulling on the eye and twitching. He also asserted he is embarrassed by the disfigurement.

In view of the severity of the cuts, the pain involved, and the disfigurement resulting, we are of the opinion that the verdict of $10,000 was not excessive. The damages seem large, but there is nothing in the record to show either directly or by implication that the award was the result of passion or prejudice. Waldo v. Beckwith, 1857, 1 N.M. 182.

The judgment of the trial court will be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.