277 F.2d 660
 GOVERNMENT OF VIRGIN ISLANDS and Clifford W. L. Callwood
v.
Arsene MASSAC, Felix La Mothe, Frank Perez and Gerald Sebastian, Felix La Mothe and Gerald Sebastian, Appellants.
 No. 12849.
 United States Court of Appeals Third Circuit.
 Argued at Charlotte Amalie January 27, 1960.
 Decided April 19, 1960.
 
 Alphonso A. Christian, Charlotte Amalie, St. Thomas, V. I., for appellants.
 Croxton Williams, Charlotte Amalie, St. Thomas, V. I., for appellees.
 Before WOODBURY, FORMAN and ALDRICH, Circuit Judges.
 WOODBURY, Circuit Judge.
 
 
 1
 The Government of the Virgin Islands and Clifford W. L. Callwood, who were the owners as tenants in common[1] of business premises in St. Thomas identified as 87 Kronprindsens Gade in the Crown Prince's Quarter of the Town of Charlotte Amalie, brought the present action in the court below to recover possession of their property from the defendants who were occupying portions thereof as tenants from month to month. The defendants answered and after trial the court below found that the plaintiffs had served notices to quit the premises on the defendants more than 30 days prior to the commencement of their action as required by 28 V.I.C. § 843, that the defendants had failed to do so and that the plaintiffs in good faith sought to recover possession of the premises for the personal use of the plaintiff Callwood.[2] Wherefore, on May 5, 1958, the court entered judgment ordering that the plaintiffs have restitution of the premises from the defendants with costs and the attorney's fees of the plaintiff Callwood in the amount of $150.00 but further ordering that execution of the judgment as to restitution of the premises be stayed for six months "upon condition that the defendants pay the plaintiffs the costs and attorney's fees adjudged to them and installments equivalent to the reasonable rental for which they would be liable under their previously existing tenancies."
 
 
 2
 Just before the end of the six months' stay period, on October 22, 1958, the defendant Perez applied to the court for a further stay of six months on the ground of his inability after diligent search to find other suitable premises on which to conduct his business and that if evicted on November 5, 1958, he would experience great hardship and suffer serious financial loss. The plaintiff Callwood promptly filed a response opposing the motion and on November 3 the court filed an order summarily denying it. On November 10, the court, upon consideration of an answer filed by Perez to Callwood's opposition to Perez' application for further stay of the order of May 5 in which Perez indicated that he desired an oral hearing on his application, the court entered an order vacating and setting aside its order of November 3 and setting Perez' application for further stay down for oral hearing on December 10, 1958. At the same time, November 10, we are informed by counsel on both sides that the court also, sua sponte and off the record, called upon the parties to come forward at the hearing to be held on December 10 with evidence of the fair and reasonable rental for the premises for the period of the stay of execution it had previously granted on May 5, 1958.[3] We are told that counsel for the defendants objected to this, but apparently all discussion was off the record. However this may be, evidence of the fair rental for the premises was introduced at the hearing on December 10, and on December 11 the court filed findings and entered a judgment which, as amended on December 31, 1958, fixed the reasonable rental from and after May 5, 1958, of the portion of the premises occupied by Perez at $375.00 per month, he had been paying $41.00 per month, and the reasonable rental for the same period of the portion of the premises occupied by La Mothe and Sebastian at $125.00 per month, they had been paying $14.00 per month, denied the applications of Perez, La Mothe and Sebastian for further stay on the ground that their applications were not made in good faith, and directed issuance forthwith of a writ of execution requiring the marshal to deliver possession of the premises to the plaintiff Callwood. The amended judgment further provided that the plaintiff Callwood recover from the defendant Perez the sum of $3,000 as the reasonable rental for the premises occupied by him from May 5, 1958, to the end of December of that year "less credit for payments previously made for said period" with costs and attorney's fees of $375.00, and, for the same period with a similar credit, directed that Callwood recover from the appellants herein La Mothe and Sebastian, $1,000.00 with costs and attorney's fees of $125.00.
 
 
 3
 The defendant Perez appealed from the judgment of December 11, 1958, insofar as it denied his application for further stay of the eviction order of May 5, but it does not appear that he ever perfected his appeal. At any rate, it is not now before us. The instant appeals are by the defendants La Mothe and Sebastian, from the amendatory judgment of December 31 insofar as it requires them to pay rentals from May 5, 1958, to the end of the year in amounts greater than the rentals they had paid under their tenancies from month to month.
 
 
 4
 The applicable statutory provisions are to be found in Subchapter III, §§ 831-846, entitled Rent Control, of Chapter 31, entitled Landlord and Tenant, of Title 28, entitled Property, of the Virgin Islands Code. Section 834 of that Title provides that the maximum rent ceilings in the Virgin Islands for real property used for either residential or business purposes shall be the rents in force and effect on July 1, 1947,[4] and § 835 provides:
 
 
 5
 "All rentals shall be deemed unjust and unreasonable if they are in an amount greater than as set forth or authorized in this subchapter."
 
 
 6
 The subchapter establishes in § 836 administrative procedures which under § 839 are judicially reviewable for the upward adjustment of rents on petition by landlords but only "to compensate for a substantial major capital improvement or structural change as distinguished from repair, replacement, or maintenance." Provision is then made in § 840 for landlords to recover possession of their properties from their tenants. That section so far as material provides:
 
 
 7
 "(a) No action shall be maintained to recover the possession of rented premises in the Virgin Islands, except upon the ground that —
 
 
 8
 "(1) the owner seeks, in good faith, to recover his possession of the premises for his own personal use;[5] * * *"
 
 
 9
 And the next section, 841, with which we are immediately concerned, provides for the stay of eviction orders in the following terms:
 
 
 10
 "(a) When a landlord has been granted recovery of the premises under clause (1) or (2) of subsection (a) of section 840 of this title, the court, on application of the occupant, shall stay the issuance of an order of eviction for a reasonable period of not more than 6 months at a time, if, upon the application, it appears that —
 
 
 11
 "(1) the applicant, although he has made due and reasonable efforts to secure suitable premises, cannot secure them; or
 
 
 12
 "(2) by reason of other facts, it would occasion extreme hardship to the applicant or his family if the stay is not granted; and
 
 
 13
 "(3) the application is made in good faith.
 
 
 14
 "(b) A stay under subsection (a) of this section, if granted, shall be on condition that the tenant or occupant shall make a deposit in court for the period of the stay or pay to the landlord or deposit in court installments equivalent to the reasonable rental rate for which he would be liable. Such amounts shall also include all accrued rents unpaid by the occupant prior to the period of the stay."
 
 
 15
 Subsection III of Title 28 of the Virgin Islands Code clearly fixes the rent chargeable for real property in the Virgin Islands at the rent paid therefor on July 1, 1947, if then rented, or, if not then rented, at the first rent charged thereafter or a rental administratively determined. Its obvious aim is to stabilize rentals at or about the level prevailing on the critical date. In view of this clear purpose of the statute to hold the line on rentals and the provision of § 835, supra, that rentals greater in amount than authorized by the statute "shall be deemed unjust and unreasonable," the provision of § 841(b), supra, requiring that stays of eviction orders be conditioned on payment to the landlord or deposit in court by the tenant of "installments equivalent to the reasonable rental rate for which he would be liable," may well be interpreted to mean the rental the tenant had been paying under the terms of his tenancy and no greater amount. Indeed, that would seem to have been the court's original interpretation of (b) of section 841 for in its judgment of May 5, 1958, after paraphrasing the statutory language in its requirement that the plaintiffs recover from the defendants "installments equivalent to the reasonable rental for which they would be liable" the court went on to add "under their previously existing tenancies." [161 F.Supp. 707.]
 
 
 16
 We do not, however, need to rest our decision solely on an interpretation of the language of section 841(b), for the last quoted phrase of the judgment of May 5 clearly fixed the condition on which the stay was granted as the continued payment by the tenants of the rentals they had previously been paying. Within ten days after entry of that judgment the court was not moved under Rule 52(b), Fed.Rules Civ.Proc. 28 U.S.C.A., to amend its findings or make new ones and amend its judgment accordingly. Nor was there any motion under Rule 59(e) to alter or amend the judgment of May 5 or motion, timely or otherwise, for a new trial under Rule 59 (a) F.R.C.P. on which the court might have opened its judgment, taken additional testimony, amended its findings of fact and conclusions of law or made new findings and conclusions and direct the entry of a new judgment. Nor within 10 days after entry of its judgment did the court under Rule 59(d) on its own initiative order a new trial. And certainly the action taken by the court on its own initiative in November, 1958, six months after entry of its judgment, was not to correct a mere clerical mistake or to cure an error arising from oversight or inadvertent omission. See Rule 60(a), F.R.C.P.
 
 
 17
 The judgment of May 5 made it clear that the stay was granted on the express condition that the tenants continue during its term to pay the rents they had previously been paying under their tenancies. And in that judgment all parties acquiesced, the tenants continuing to pay the rentals they had previously been paying and the landlords accepting the same without objection. Since the judgment of May 5 did not leave the terms on which the stay was granted open but instead definitely fixed those terms, and since that judgment was never at any time or in any way challenged by any party, and the court on its own initiative did not seasonably order a new trial, we hold that the spontaneous action of the court some six months after the judgment was entered in effect reopening and amending it was not authorized and is void. Gray v. Dukedom Bank, 6 Cir., 1954, 216 F.2d 108.
 
 
 18
 The judgment of the District Court will be vacated insofar as it orders recovery by the plaintiff Callwood from the appellants of the sum of $1,000 "representing the reasonable rental of the premises occupied by the [appellants] from May 5, 1958, to the end of the month commencing December 5, 1958, less credit for payments previously made for said period," and the case will be remanded to that Court for further proceedings not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 The Government owned one-fifteenth interest and Callwood the remaining fourteen-fifteenths interest
 
 
 [2]
 The court rejected the defendant's contention that the Government was not authorized to join as a plaintiff in the action but we need not consider that contention for it is not advanced on this appeal
 
 
 [3]
 The defendants La Mothe and Sebastian on November 15, also filed motions for a further six months' stay of execution. The fourth tenant, the defendant Massac, apparently did not ask for any further stay and seems by this point in the proceedings to have dropped out of the case. At at any rate, his name does not appear in either the judgment of December 11, or that of December 31, 1958, to be mentioned presently, and he is not an appellant
 
 
 [4]
 The section makes provision for establishing the rents for newly constituted housing or business accommodations or those not rented on the critical date but those provisions do not concern us on these appeals
 
 
 [5]
 The next subparagraph, (2), permits landlords under certain circumstances to recover possession of their premises for the purpose of demolition