363 P.2d 620

Tom VIVIAN, Plaintiff-Appellee
Cross-Appellant,

v.

ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, a corporation,
Defendant-Appellant Cross-Appellee.

No. 6785.

Supreme Court of New Mexico.

July 13, 1961.

---

B. G. Johnson, Albuquerque, for appellant.

Lorenzo A. Chavez, Arturo G. Ortega, and Melvin L. Robins, Albuquerque, for appellee.

NOBLE, Justice.

This is an action under the Federal Employers' Liability Act (Title 45 U.S.C.A. § 51 et seq.) for personal injuries sustained by plaintiff while working for the Atchison, Topeka & Santa Fe Railway Company, and claimed to have resulted from the negligence of defendant and by reason of its failure to furnish a safe place to work.

Plaintiff was a member of a section gang unloading rails from a flat car at the time of the injury complained of. A crane on a preceding car lifted the rails and laid them on the roadbed, and plaintiff and another employee used bars to pry the rails into position for the crane to hook onto them. The work train moved along slowly so that the rails were unloaded approximately end to end. As the crane was lifting a rail plaintiff, in crossing from the car bearing the rails to the one behind it, or in trying to pry another rail, slipped and fell to the ground receiving injuries. It was contended that the railway company failed to provide a safe place for plaintiff to work and that the work train was negligently operated.

The railway company alleged contributory negligence. The jury returned a verdict of $40,000 and found that plaintiff's negligence contributed to his injury to the extent of 50%, thereby reducing the actual judgment to $20,000. This appeal and a cross-appeal result from the verdict and judgment thereon.

This appeal rests mainly upon the single contention that the amount of the verdict is not supported by substantial evidence, is grossly excessive and that a new trial should be granted or a remittitur ordered. Before reaching that question, however, we are required to first resolve the question as to whether we are governed on that subject by the federal decisions or by the law of the forum.

Defendant urges that, though the action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., nevertheless, in reviewing whether the verdict of a jury is excessive we are in a procedural area and apply the law of the forum. On the other hand, plaintiff contends that the federal decisions are controlling and urges us to overrule Rivera v. Atchison, T. & S. F. Ry. Co., 61 N.M. 314, 299 P.2d 1090. The federal courts are restricted in reviewing a claimed excessive verdict by the Seventh Amendment to the Constitution of the United States, which reads:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The federal decisional law on the right to review a claimed excessive verdict was reviewed by this court in Padilla v. Atchison, T. & S. F. Ry. Co., 61 N.M. 115, 295 P.2d 1023, decided March 11, 1956, where we held we were governed, in reviewing a verdict for damages arising under the Employers' Liability Act, by the decisions of the federal courts, and could

not review such verdict for excessiveness in the absence of anything in the record indicating the verdict was the result of passion or prejudice. State courts, however, are not restricted by the Seventh Amendment. Rivera v. Atchison, T. & S. F. Ry. Co., supra; Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961. Concerning the latter decision see Dice v. Akron, Canton & Youngstown R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398.

In Rivera v. Atchison, T. & S. F. Ry. Co., supra, decided July 31, 1956, we overruled the Padilla decision, saying at page 319 of 61 N.M., at page 1093 of 299 P.2d:

"Upon a further consideration of the question, we believe that in cases arising in State Courts under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., all procedural matters, including review of verdicts for excessiveness, are governed by the law of the forum and not by the Federal Decisional Law."

The rule announced in the Rivera decision finds support in well reasoned decisions of other jurisdictions. See Avance v. Thompson, 320 Ill.App. 406, 51 N.E.2d 334; Joice v. Missouri-Kansas-Texas R. Co., 354 Mo. 439, 189 S.W.2d 568, 161 A.L.R. 383; Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487; St. Louis - San Francisco Ry. Co. v. King, Okl., 278 P.2d 845.

We reaffirm the rule announced by this court in Rivera v. Atchison, T. & S. F. Ry. Co., supra.

Having decided that the law of New Mexico governs in determining whether the verdict is excessive, we are confronted with ascertaining the standard to be applied, and if excessive, the effect of that fact on the verdict.

 The decisions of this court were reviewed in Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023, and the rule announced in Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, 389, approved. The rule of Hall v. Stiles, supra, is that "the mere fact that a jury's award is possibly larger than the court would have given is not sufficient to disturb a verdict" and the findings of the jury will not be disturbed as excessive except in extreme cases, such as where "it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt motive where palpable error is committed by the jury, *or where the jury has mistaken the measure of damages.*" (Emphasis added) Montgomery v. Vigil, supra, 65 N.M. at page 113, 332 P.2d at page 1027; Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029.

 It is true that we are not bound by the doctrine of comparative verdicts and recognize that each case must be determined upon its own facts and circumstances; nevertheless, we do recognize that

a consideration of other verdicts and a comparison of the facts and circumstances is helpful, and are aware that the value of all things are arrived at on a relative basis. Montgomery v. Vigil, supra; Jackson v. Southwestern Public Service Co., supra.

■ Plaintiff's injuries consisted of a broken bone in his right hand that healed with a slight angulation so that a small lump appears on the surface, but his hand has a full range of motion and good strength, with no remaining swelling. One rib was fractured and the two adjoining were cracked, but the ribs healed completely with regular alignment. Prior to the accident plaintiff had an arthritic condition of his back with narrowing of the fifth lumbar inter-space which caused him difficulty. There was some additional injury or aggravation of the back condition as a result of the fall as is evidenced by some atrophy of the right leg after the accident but no other objective symptoms. Discomfort attendant upon certain uses of the right leg and back are expected to be permanent. There was evidence of pain and suffering. Plaintiff testified that the pain resulting from the injury to the hand was "Not very much.", with greater pain from the fractured ribs during the healing period. Plaintiff testified that he suffered pain from his back prior to the accident but more pain subsequent thereto.

It is agreed that plaintiff's loss of earnings during the twelve weeks healing period was $864, but there is no testimony of any other loss of earnings or decreased earning ability as a result of the accident. He was 66 years of age at the time of trial, and had returned to work for the railroad about three months after the accident at the same position and wage and continued such work for approximately two years, when he retired.

A careful review of the evidence of pain, suffering, loss of earnings, and physical injuries, convinces us that there is no substantial evidence to support a verdict in the amount of $40,000 and that the verdict is so grossly excessive as to require an inference that it resulted from passion, prejudice, partiality, sympathy or that the jury did not apply the correct measure of damages.

Under the Federal Employers' Liability Act a verdict is required to be reduced by any percentage the jury may find that the negligence of the employee contributed to the accident. In this case, the jury found that the negligence of plaintiff proximately contributed to his injuries to the extent of 50%. Plaintiff, by cross-appeal, complains that there is no substantial evidence to support the finding of contributory negligence and that it was error to submit that issue to the jury. It is urged by plaintiff that instead of contributory negligence the

evidence shows only assumption of risk. The doctrine of assumption of risk was abolished by the 1939 amendment to the Federal Employers' Liability Act, Title 45 U.S.C.A. § 53, and is not available as a defense in an action brought under the Act. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. See Bourguet v. Atchison, T. & S. F. Ry. Co., 65 N.M. 207, 334 P.2d 1112.

In actions under the Federal Employers' Liability Act, the question of contributory negligence is one of substantive law and governed by decisions of the Supreme Court of the United States. Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433; Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239. It is settled that the issues of negligence and contributory negligence should be submitted to the jury " * * * if evidence might justify a finding either way on these issues." Wilkerson v. McCarthy, 336 U.S. 53, at page 55, 69 S.Ct. 413, at page 414, 93 L.Ed. 497; Brady v. Southern Ry. Co., supra. We have examined the record and find substantial evidence to support the finding of contributory negligence. We find no error in submission of the question of contributory negligence to the jury. Dixon v. Virginia Ry. Co., 4 Cir., 250 F.2d 460.

The issues of defendant's liability under the Federal Employers' Liability Act and the fact that plaintiff's negligence proximately contributed to his injuries to the extent of 50% have been determined by the verdict of the jury.

We have determined from a review of the evidence that the amount of damages awarded by the verdict is so extremely excessive that it is not supported by the evidence and such as to indicate that the jury has mistaken the measure of damages and that relief should be granted from the excessive verdict. We are asked to grant a remittitur or, in the alternative, a new trial.

Adhering to the generally prevailing rule that, in a case such as this, where there is no error in the record except that the damages assessed by the verdict are so extremely excessive that they are not supported by the evidence, the practice of ordering that a portion of the excessive verdict be remitted or a new trial granted is well established in this jurisdiction. To cite only a few such decisions, see Jackson v. Southwestern Public Service Co., supra; Montgomery v. Vigil, supra; Hall v. Stiles, supra.

It must be kept in mind that the amount of damages to be allowed is primarily a question for the jury, but where it appears that the verdict of the jury is extremely excessive, the court may impose a restraint upon the jury. The court should not interfere with the verdict of the jury upon

light or arbitrary grounds. Hall v. Stiles, supra.

■ In determining whether a verdict is excessive, the appellate court does not weigh the evidence, as in the case of a trial court, but instead determines the excessiveness as a matter of law. Sanders v. Illinois Central R. Co., 364 Mo. 1010, 270 S.W.2d 731. Where the trial court, as here, has allowed the verdict to stand, the appellate court will not weigh the evidence but will look to see whether the evidence, viewed in the light most favorable to upholding the verdict, affords substantial support for the verdict. If it affords such substantial support, the verdict must be affirmed; if it does not, it must be reversed. Sanders v. Illinois Central R. Co., supra. We have determined from a review of the evidence that the amount of damages awarded is so excessive as to be unsupported by the evidence and to be excessive as a matter of law.

■ A remittitur may only be ordered when the issue of damages is separable and distinct from the issues of liability, contributory negligence and where all issues other than the one of damages have been fully and fairly decided by a jury. We find nothing in the record to indicate that the issues of liability or contributory negligence determined by the jury were affected by passion, prejudice, bias or sympathy, nor does defendant make any

such claims. Its sole contention is that the evidence does not support an award of the amount granted and that it is so excessive as to indicate that the jury was mistaken as to the measure of damages. The issue presented by the cross-appeal is solely that the evidence did not justify submission of the issue of contributory negligence. We have concluded that the issue was properly submitted, is supported by substantial evidence, and that the record discloses nothing to indicate other than that this issue likewise was fairly determined by the jury.

In granting a remittitur, the plaintiff is given the option of remitting the excess and having affirmance of the judgment for the remainder. However, where as here the issues of liability and contributory negligence have been fairly decided by a jury, if the plaintiff should elect not to remit in accordance with the option granted, those issues should not be relitigated in the absence of other controlling reasons even though a new trial is required on the issue of damages. Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Montgomery v. Vigil, supra. The parties are not thereby deprived of a substantial right or defense. Propper v. Chicago, R. I. & P. R. Co., 237 Minn. 386, 54 N.W.2d 840, 35 A.L. R.2d 459. See Norfolk Southern R. Co. v. Ferebee, 238 U.S. 269, 35 S.Ct. 781, 59 L. Ed. 1303. Furthermore, Rule of Civil Procedure 42(b) reading:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

specifically authorizes the trial of separate issues. 5 Moore's Federal Practice, Sec. 42.03. Upon remand, this court may order a separate trial of any separate issue where it appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; Norfolk Southern R. Co. v. Ferebee, supra.

█ Defendant moved to strike certain portions of plaintiff's brief which incorporated exhibits not offered or admitted in evidence. Exhibits not offered or admitted in evidence may not be attached to or incorporated in a brief. The portions of the brief objected to are stricken and have not been considered by us.

It would serve no useful purpose to review other verdicts permitted to stand or in which remittitur has been granted. We have concluded that in the light of the usual tests, the present verdict of $40,000 is excessive in the sum of $25,000.

If the plaintiff will, within ten (10) days, file a remittitur with the clerk of this court in the sum of $25,000 from the $40,000 judgment, the judgment will be affirmed for $15,000 as of the date of the entry in the lower court, to which amount will be applied the verdict finding 50% contributory negligence; otherwise, the judgment will be reversed and remanded for a new trial on the issue of damages alone. It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.