412 P.2d 549

**Kaiser MICHAEL, Jr., Plaintiff-Appellee,**

**v.**

**Garold G. WEST, Defendant-Appellant.**

**No. 7751.**

Supreme Court of New Mexico.

March 28, 1966.

Rodey, Dickason, Sloan, Akin & Robb, Duane C. Gilkey, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

NOBLE, Justice.

The defendant Garold G. West has appealed from a judgment awarding damages to Kaiser Michael, Jr. for injuries sustained in an automobile accident.

The evidence discloses that, subsequent to the accident upon which this action is based and prior to trial of the case, Michael was involved in two other automobile accidents. The defendant asserts that the damages awarded necessarily included those suffered by plaintiff in the two subsequent accidents; that there is no credible medical testimony to support the amount of damages awarded; and that the amount awarded is excessive as a matter of law.

The case was tried without a jury and a judgment in plaintiff's favor in the amount of $20,000 entered June 17, 1963. On July 29, 1963, the court denied a motion, filed June 24, for new trial on the issue of damages alone. At the time the new trial was denied, the court of its own motion filed amended findings and conclusions, differing from those originally adopted only in finding a slightly increased medical expense and, specifically, that the amount awarded did not include any damages to plaintiff resulting from the subsequent accidents.

Pointing to rule 52(B) (b) (§ 21–1–1(52) (B) (b), N.M.S.A.1953), the defendant argues that findings adopted by the court may not be amended more than ten days after entry of the final judgment, and that because these findings were so amended, there must be a reversal. The pertinent portion of the rule reads:

"Upon motion of a party made not later than ten days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

Relying on 5 Moore's Federal Practice, § 52.11(1); Hayes v. Kelley, 112 F.2d 897 (9th Cir. 1940); and Government of Virgin Islands v. Massac, 277 F.2d 660 (3d Cir. 1960), he asserts that even if the court has a right to amend its findings sua sponte, it must nevertheless do so within the time limited by amendment upon motion of a

**120**

party, and that in any event Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790 requires us to disregard the amended findings and conclusions made sua sponte 42 days after the judgment.

■ Because, in our view, the original findings not only support the judgment but indicate that the court did not include damages resulting from the subsequent accidents, it is unnecessary for us to determine whether the court may amend its findings sua sponte more than ten days after entry of the judgment. Despite the additional findings, the judgment itself was not changed. The court originally found that the injury complained of was suffered in the automobile accident which occurred February 2, 1963; that the plaintiff was thereafter involved in other automobile accidents on February 25, 1963 and June 26, 1963; and that the plaintiff received no new or additional injury in either of the subsequent accidents, but that they did aggravate the injury sustained in the first accident. In addition, the court originally concluded that:

"the accident of February 2, 1963 which is solely involved in this case, was sufficient in itself to cause the injuries, pain, suffering and medical expense as set forth in the findings of fact herein."

■ While the defendant appears to concede that Dr. Adler's medical testimony, if believed, supports the court's finding as to damages, he strongly argues that Dr. Adler's conclusion that all of the plaintiff's damages were directly and proximately caused by the February 2d accident is so incredible as to be unworthy of belief, and consequently is not of the substantial character required to support the findings. We find nothing in the testimony to require it to be disregarded. A reviewing court is required to view the evidence in the light most favorable to support the findings. Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568; Luvaul v. A. Ray Barker Motor Company, 72 N.M. 447, 384 P.2d 885; Covington v. Rutledge Drilling Company, 71 N.M. 120, 376 P.2d 180. So viewing the record here the evidence substantially supports the findings.

■ Finally, the defendant argues that the award of $20,000 is excessive as a matter of law. It is now settled in this jurisdiction that an award of damages will not be disturbed on appeal as excessive, except where it appears to have resulted from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive, where there has been palpable error, or where the measure of damages has been mistaken. Hall v. Stiles, 57 N.M. 281, 285, 258 P.2d 386; Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023. We said, however, in Hall v. Stiles, supra:

" * * * the mere fact that a jury's award is possibly larger than the court.

would have given is not sufficient to disturb a verdict. * * * "

The award in this case was made by the trial court and comes to us with the added weight of that court's denial of a motion for a new trial upon the single issue of the amount of damages. As in Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419, the trial court itself was the finder of the facts, and:

"* * * it cannot be said that the trial court, both learned in the law and familiar with our decisions, would be subject to the same influences as might a jury. * * *"

■ The present and reasonably anticipated future medical expense amounts to something over $6,000, and we have repeatedly said that no monetary standard can be set for pain and suffering. Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 328 P.2d 389. We find nothing in this record to indicate that the award made by the trial judge was the result of passion or prejudice or was based upon a mistaken measure of damages. See Morrison v. Rodey, 65 N.M. 474, 340 P.2d 409; and Stoll v. Galles Motor Company, 60 N.M. 186, 289 P.2d 626.

■ The fact that there was no proof of loss of future earnings does not of itself warrant disturbing the judgment. Terrel v. Lowdermilk, supra. Fifteen hundred dollars was included in the judgment as compensation for the cost of a future operation. In Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798, we quoted the following rule from 4 Restatement, Torts, § 912:

" 'A person to whom another has tortiously caused harm is entitled to compensatory damages therefor if, but only if, he establishes by proof the extent of such harm and the amount of money representing adequate compensation with such certainty as the nature of the tort and the circumstances permit.' "

■ The basis of the award is a finding that "plaintiff may require an operation * * * and said cost and expense may reasonably amount to the sum of $1500." The finding as made is supported by medical testimony that the plaintiff was improving and that the doctor hoped an operation would be unnecessary but that a decision in that regard could not be made until after the lapse of a period of eighteen months to two years from the time of the accident.

The plaintiff has therefore failed to establish, even by a medical opinion, that such a future operation will be required as a medical probability. We think the plaintiff has failed to establish that he has been damaged by the probable cost of such future operation and that the finding that "plaintiff may require an operation" is insufficient to support the judgment for the cost thereof.

The judgment will be reversed insofar as it includes the sum of $1500 as the estimated cost of a possible future operation and affirmed in all other respects. The district court will be directed to enter a new judgment deducting the sum of $1500 from the amount heretofore awarded and the costs of appeal will be assessed against the appellee.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.