422 P.2d 363

Pete MONTOYA, Plaintiff-Appellee,

v.

H. C. MOORE and Mutual of Omaha Insurance Company, formerly known as Mutual Benefit Health & Accident Association of Omaha, Nebraska, a corporation, Defendants-Appellants.

No. 8010.

Supreme Court of New Mexico.

Jan. 3, 1967.

O. R. Adams, Jr., Albuquerque, for plaintiff-appellee.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for defendants-appellants.

Rodey, Dickason, Sloan, Akin & Robb, Modrall, Seymour, Sperling, Roehl & Harris, Leland S. Sedberry, Albuquerque, Savage, Gilbson, Benefield & Shelton, John A. Johnson, Oklahoma City, Okl., amici curiae.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

This is an action to recover compensatory and punitive damages from an insurance company and its adjuster for the fraud practiced in obtaining a release from the plaintiff.

A jury verdict awarded the plaintiff compensatory damages against both defendants in the sum of $9,675.00 and punitive damages against the insurance company in the sum of $50,000.00. From a judgment consistent with the verdict both defendants have appealed.

The facts, although not particularly complicated, claimed four pages in the appellants' brief, the amici curiae devoted two pages in concurring with the appellants' statement, and the appellee further belabored the subject for twenty-five pages. A deflated statement would show that the plaintiff in 1954 received from the defendant insurance company a health and accident insurance policy. In 1955, when the plaintiff was fifty-nine years old, he was severely burned in a gas explosion and totally disabled. As a result of the injury he became entitled to receive $100.00 per month and all other benefits of the insurance contract for the remainder of his life or as long as the disability continued. Payments were made until August, 1962 when a release was given by the plaintiff to the defendant insurance company in exchange for $3,000.00. In September, 1963, the plaintiff filed his complaint in the district court. The medical reports showed the plaintiff to be completely and permanently disabled. The plaintiff had no formal education, could only write his name, and could read only simple words in English and Spanish. The plaintiff contended that he signed the release because:

A) His monthly checks had been unduly delayed,

B) He was told by the defendant adjuster that he, the plaintiff, would get into trouble with the law by taking money from the insurance company without being disabled,

C) He was told by the defendant adjuster that the company had investigated his case and that he was not disabled.

(D) He was told by defendant adjuster that if he saw a lawyer he might get into more trouble,

E) He was told by the defendant adjuster that if he didn't sign the release he would lose everything.

The jury heard these claims, heard the denials by the defendant adjuster, saw the plaintiff and examined the reports submitted by the doctors.

Appellants' first point is that it was error to permit the jury to measure compensatory damages on the basis of life expectancy. Appellant contends that the proper measure of damages is the value of the insurance contract which is the amount actually due at the filing of the law suit.

 The general rule is that when fraud is discovered the defrauded party has several remedies from which to elect. Thrams v. Block, 43 N.M. 117, 86 P.2d 938. See also Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., 74 N.M. 458, 394 P.

2d 978. In this case the plaintiff (appellee) elected to ratify the release, waive the contract and sue in tort. It is noted that actions for damages based on fraud are actions in tort. 24 Am.Jur. 21, Fraud and Deceit, § 200.

 Argument was advanced by the appellant and amici curiae that the rule of Thrams v. Block, supra, is not applicable here because this case is based on fraud, or tort, whereas Thrams was an action to rescind a contract. We see no reason for applying different rules. See Gould v. Cayuga County National Bank of Auburn, 99 N.Y. 333, 2 N.E. 16; Urtz v. New York Central and Hudson River Railroad Company, 202 N.Y. 170, 95 N.E. 711.

The jury was instructed that in determining compensatory damages to consider the present value of future disability payments the insured could reasonably be expected to receive less the amount paid for the release and the present value of all other provisions of the policy with its riders and endorsements. The jury was further instructed that in determining the value of the expected payments the life expectancy of the insured could be considered.

 We think that the instruction was proper and consistent with the applicable rule of damages to place the injured party in the same position that he would have occupied had he not been defrauded. Since

the measure of damages was properly presented to the jury and there is no evidence of passion, prejudice, partiality, sympathy, undue influence or some corrupt cause or motive the jury's award of compensatory damages will not be disturbed. Hall v. Stiles, 57 N.M. 281, 258 P.2d 386; Asbury v. Yellow-Checker Cab Company, 64 N.M. 372, 328 P.2d 941.

█ The second point submitted by the appellant is the contention that punitive damages are not recoverable where no actual damage has been proved. It is a correct statement of the law. Grandi v. LeSage, 74 N.M. 799, 399 P.2d 285. In view of the verdict and judgment for compensatory damages the rule is not applicable here.

█ Next it is contended that the award of punitive damages is erroneous, or if not erroneous, is grossly excessive. Amici curiae urge that the award is erroneous because there was no evidence that the defendant insurance company was aware of the representations made by the defendant Moore, or that it authorized or approved of them. Amici admit that the parties to the appeal have not raised the point. We would call attention to State ex rel. Burg v. City of Albuquerque et al., 31 N.M. 576, 249 P. 242 and remind amici curiae that they are not parties and cannot assume the functions of a party. They must accept the case before the court with the issues made by the parties. The appellant contends that the award of punitive damages is excessive.

In Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713 we concluded:

" * * * [a] consideration of the various rules and the cases supporting the same leads us to the conclusion that the amount of punitive damages must be left to the jury's sound discretion based on the circumstances of each individual case, but must not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason and justice."

After reviewing the evidence in this record, we have determined that the verdict for $50,000 punitive damages assessed against the defendant insurance company was grossly excessive and justifies an inference that it followed passion, prejudice, partiality or sympathy. In arriving at this conclusion we have been reluctant to disturb the verdict of the jury, however, we have previously announced that in extreme cases we will do so. See Jackson v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029; Vivian v. Atchison, T. & S. F. Railway Co., 69 N.M. 6, 363 P.2d 620; Michael v. West, 76 N.M. 118, 412 P.2d 549. The cases just referred to involve compensatory damages, however an award of exemplary damages is also subject to supervision and revision by the court. 22 Am. Jur.2d 359, Damages, sec. 264. Further, punitive damages are inflicted for the limited purpose of punishment and only when compensatory damages seem inadequate to

satisfy the wrong committed. See Gila Water Company v. Gila Land & Cattle Company, 30 Ariz. 569, 249 P. 751. We here find that a $50,000 fine without any evidence of malice, violence, or criminal conduct on the part of the one to be punished requires adjustment.

Appellant would next have us set aside the verdict and judgment on the ground that the acts alleged by the appellee do not constitute such clear, satisfactory and convincing evidence of fraud as to sustain the verdict. We are not in sympathy with this view. The jury was convinced that the acts of the defendant adjuster constituted fraud and the same conclusion is manifest to this court. In Cardenas v. Ortiz, 29 N.M. 633, 226 P. 418, we stated:

" * * * the exercise of undue influence in order to secure something of value from the person or persons so influenced is but a specie of fraud. * * *"

Finally, the appellants contend that the plaintiff's closing argument to the jury was so improper, prejudicial and inflammatory as to require a new trial. Here the statements allegedly made by counsel were not incorporated into the record. True, there were conflicting affidavits later filed by the attorneys. The record reflects no objection to the alleged remarks at the time they were made, if made. Following the authority of State v. Wilson et al., 39 N.M. 284, 46 P.2d 57, we will not consider the claimed error.

See also Frank Bond and Son, Inc. v. Reserve Minerals Corporation, 65 N.M. 257, 335 P.2d 858.

We conclude that if the plaintiff will, within twenty days, file a remittitur with the clerk of this court in the sum of $30,000 from the $50,000 judgment for punitive damages, the judgment for punitive damages will be affirmed in the amount of $20,000 as of May 14, 1965; otherwise the judgment will be reversed and remanded for a new trial on the issue of punitive damages alone. The judgment will be affirmed in all other respects.

It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and CARMODY, JJ., concur.