427 P.2d 261

Alvin W. WILLIAMS, Plaintiff-Appellee,

v.

YELLOW CHECKER CAB CO., a Corpora-
tion, and Jack Dean, Defend-
ants-Appellants.

No. 8198.

Supreme Court of New Mexico.

May 1, 1967.

LeRoi Farlow, Thomas E. Jones, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

This is an action to recover damages for personal injuries sustained in an automobile accident occurring January 2, 1964, near the intersection of First Street and Aspen Street in Albuquerque, New Mexico. The plaintiff's car and the car driven by defendant Dean collided head-on when Dean crossed over into the plaintiff's lane of traffic. The cause was tried before a jury, and defendants appeal from a judgment entered pursuant to the verdict in favor of the plaintiff in the amount of $15,000.00.

The appellants claim that the verdict is not supported by substantial evidence and, further, that it is so excessive as to indicate that the jury was mistaken as to the measure of damages or that its verdict was the result of passion, prejudice, sympathy or partiality. There is evidence that the appellee was of the age of 54 years at the time of the trial and was retired. He had suffered heart attacks, one in 1958 and another in 1959. He was taking medication regularly for his heart condition. The Social Security Administration considered him to be totally disabled even before the present car accident, and he suffered no loss of income as a result of the accident. Hence, the appellants argue that the appellee, being already totally disabled, could not have been put in any worse condition by the accident.

The argument is not convincing. We notice that the appellee continued working after the two previous heart attacks, retiring in June, 1960. After he retired, he still remained active. In 1963, he built an addition to his home. He "sawed, hammered and nailed" and did everything but heavy lifting and specialized work. He had also put in five or six thousand square feet of new lawn. He played golf three or four times a week, and bowled on an average of two nights of each month. He engaged in stream fishing on occasions which necessarily involved substantial physical exertion. On several lengthy trips out of state he did "most of the driving." Before the accident, the doctors had advised him to avoid heavy lifting but to do anything else he felt like doing.

Dr. Nolting testified that as a direct result of the accident, the appellee suffered a stroke or a series of small strokes. Dr. Nolting was careful to explain and distin-

guish the heart conditions that existed as a result of the heart attacks from the conditions which now exist as a result of the strokes caused by the accident. The particular damage resulting from the strokes has caused the appellee to have severe headaches, the intensity of the pain being comparable to the pain of migraine headaches. The headaches are continuous, and it was Dr. Nolting's opinion that he did not expect this condition to disappear in the near future. Appellee now suffers from insomnia which is attributed to the strokes. He moved to a lower altitude because of the insomnia but still does not enjoy normal sleep. And there is evidence that in addition to the discomfort of the insomnia itself, the loss of sleep has affected his mental attitude and behavior.

■ There is substantial evidence that the appellee's left knee was injured in the accident. The injury has caused a condition described by medical witnesses as a grade three chondromalacia, a condition resulting in painful grating and eroding away of the undersurface of the knee cap. Dr. Hurley testified that normal treatment for this condition is a surgical operation which cannot be performed because of appellee's heart condition, although medication does relieve some of the pain; that the knee injury severely restricts his activities; that without the operation the condition of the knee is permanent, becoming progressively worse. Both Dr. Nolting and Dr. Hurley

attributed the strokes, headaches, insomnia and knee injury to the accident. While there is a conflict in the medical evidence, we do not weigh the evidence and judge the credibility of witnesses but must view the evidence in a light most favorable to the judgment, disregarding all evidence to the contrary. Dungan v. Smith, 76 N.M. 424, 415 P.2d 549; Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463; and Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419.

In arguing that the verdict is excessive, appellants cite numerous decisions of this court and those of other jurisdictions; nevertheless, each verdict must be viewed on its own facts. In this case causal connection between the accident and injury has been established by competent evidence. There is considerable evidence of pain and suffering as a result of the accident. Compare Elder v. Marvel Roofing Co., supra; Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256; Vivian v. Atchison, Topeka and Santa Fe Railway Co., 69 N.M. 6, 363 P.2d 620; Jackson v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029; Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023; Hall v. Stiles, 57 N.M. 281, 258 P.2d 386; Boydston v. Twaddell, 57 N.M. 22, 253 P.2d 312; Duncan v. Branson, 153 Kan. 344, 110 P.2d 789; and Walker v. St. Louis Public Service Co., 362 Mo. 648, 243 S.W.2d 92. The cases relied on by the appellants are to be distinguished on the facts.

We have repeatedly said that no monetary standard can be set for pain and suffering. Michael v. West, 76 N.M. 118, 412 P.2d 549; Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 328 P.2d 389; and Rivera v. Atchison, Topeka and Santa Fe Railway Co., 61 N.M. 314, 299 P.2d 1090. Proof that there has been no present or future loss of earnings does not in itself make this verdict excessive. Michael v. West, supra, and Terrel v. Lowdermilk, supra. We find nothing in the record indicating that the jury's verdict was the result of mistake, passion, prejudice, sympathy or partiality. Compare Jackson v. Southwestern Public Service Company, supra. In the absence of these factors, an award will not be disturbed on appeal. Nash v. Higgins, 75 N.M. 206, 402 P.2d 945; and Massey v. Beacon Supply Company, 70 N.M. 149, 371 P.2d 798.

What we said in Terrel v. Lowdermilk, supra, summarizes our conclusion:

"* * * We have carefully reviewed the record and deem that there was substantial evidence upon which the award could be based and we cannot conclude that it was excessive. What this court may have done in other cases, or what courts of other jurisdictions may have decided in cases involving similar injuries, is of no consequence. Even though this court, or the individual members thereof, might feel that the award is too high,

this does not, of itself, warrant our interfering with the judgment and we decline to do so. * * *"

Appellants next ask for a new trial claiming they were not allowed to present evidence supporting their defense that appellee was contributorily negligent in driving faster than the 25 miles per hour speed limit. Specifically it is claimed that the trial court erred in refusing to allow appellants' expert witness to state an opinion concerning the initial speed of the appellee's vehicle prior to braking. We see no error in this regard. When error is based on an improper exclusion of evidence, an offer of proof is essential to preserve the error for appeal. Falkner v. Martin, 74 N.M. 159, 391 P.2d 660. There is no showing here as to what the excluded evidence would have been. But appellants argue that the trial court refused to allow them to make the proper tender of proof. The argument is based on the following portion of the record:

"MR. FARLOW: Your Honor, I have no questions of this witness, but may I ask the Court that he remain in order to ask questions on offer of proof concerning the impact, outside of the jury, after the jury leaves, concerning the speed at impact?

"THE COURT: No, there is no necessity to do so. Anything else?

"MR. FARLOW: The defendant rests."

The most that can be said in appellants' favor is that the record is ambiguous. It was appellants' burden to make a proper tender of proof, and if the trial court's response was unclear it was their duty to seek clarification.

But we need not decide the issue on the basis that no offer of proof was made. The expert witness testified that in order to figure the initial speed of a vehicle he had to know the skid mark speed *and the impact speed.* It is not contended that the witness had independent knowledge of appellee's impact speed, and all other evidence concerning the impact speed had been stricken prior to the testimony sought to be elicited by this witness. The trial court's action in striking the evidence is not in issue on appeal. As the record stands, the opinion of the expert witness concerning the initial speed would be inadmissible as lacking proper foundation.

Appellants also complain they were not allowed to ask the witness the stopping distance of a vehicle traveling 25 miles per hour. Again the record is confusing and it is not clear that the question was actually asked. Even conceding that the evidence was erroneously excluded, we again find nothing to indicate what the answer would have been. No new offer of proof was made, and it cannot be rationally contended that the prior alleged offer of proof covered the evidence concerning stopping distance.

The error was not preserved for appeal. Falkner v. Martin, supra.

It follows from what has been said that the judgment must be affirmed.

It is so ordered.

CHAVEZ, C. J., and WOOD, J., Court of Appeal, concur.