[No. 33076. Department One. April 1, 1955.]

ILENE BRIDGES, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Owen A. Johnson, Assistant,* for appellant.

*Stark & Hill*, for respondent.

OTT, J.—This is an appeal by the department of labor and industries from a judgment of the superior court allowing a claim for a widow's pension.

Lewis Wright, the employer, operated a combined restaurant and cardroom in Raymond, Washington. He also

[1]Reported in 281 P. (2d) 992.

maintained a cardroom in South Bend, which had no restaurant facilities. When food was desired by the patrons, the employee would obtain it from nearby eating places. The employer's activities were classified by the department as a restaurant preparing and serving food to the public for consumption on the premises, as provided by RCW 51.20-.290, Class 39-5 [cf. Rem. Supp. 1947, § 7676b].

Prior to February 6, 1952, Lowell Bridges was one of Lewis Wright's employees. He worked in the cardrooms in both Raymond and South Bend. His principal duty was that of a card dealer. His employment required him to work at Raymond from 8:00 p. m. to 12:00 p. m., and, after midnight, he drove to South Bend, where his hours varied from midnight to 5.00 a. m., depending upon the available players. After he closed the South Bend cardroom, he would drive to Raymond and leave the evening's receipts and the keys for the South Bend facilities there.

On the evening of February 6, 1952, as he was returning to Raymond from South Bend, he was killed in an automobile accident. His widow filed a claim for a widow's pension. After the department completed its investigation of the case, it entered into the following stipulation:

"The Department proposes to stipulate that at the time that Mr. Lowell Bridges was injured on February 6th, 1952, he was covered under the Workmen's Compensation Act, under classification 39-5. The Department further stipulates that an employe has no control over any classification under the Industrial Insurance Act that he is placed in, that the Department makes the classification or places the workman in the classification as outlined by the legislature based on information received by it from or obtained by the Department from the employer. MR. STARK [representing the claimant]: It is so stipulated."

At the hearing before the department, the claim was rejected. Claimant appealed to the board of industrial insurance appeals, and the board sustained the department's order. Claimant then appealed to the superior court. The court reversed the board, and remanded the case to the supervisor of the department, with instructions to allow the claim.

In *D'Amico v. Conguista*, 24 Wn. (2d) 674, 167 P. (2d) 157 (1946), this court announced the following essential elements which must be established in order to entitle an employee to the benefits of the workmen's compensation act:

(1) The relationship of employer and employee must exist.

(2) The injured person must be injured in the course of his employment.

(3) The employee must be in the actual performance of the duties required by the contract of employment.

(4) The work being done must be such as to require payment of industrial insurance premiums or assessments.

The stipulation entered into by the department, together with the testimony in the case at bar, proves every one of the above essential elements.

The contention is made by appellant that the deceased employee should not have been classified by it as Class 39-5, for the reason that he was not actually engaged in the performance of the duties of that classification.

Since the department, by its stipulation, admits that it alone determines the classification, and that the employee has no control over the matter whatsoever, we find no merit in this contention.

Finally, it is admitted that the employer's business activities warranted the Class 39-5 classification. We have consistently held that it is the *business or industry of the employer*, rather than the activities of the employee, that determines whether or not the employee is within the provisions of the act. *Thompson v. Department of Labor & Industries,* 194 Wash. 396, 402, 78 P. (2d) 170 (1938), and cases cited; *Pitts v. Department of Labor & Industries,* 30 Wn. (2d) 129, 140, 191 P. (2d) 295 (1948); *Nyland v. Department of Labor & Industries,* 41 Wn. (2d) 511, 513, 250 P. (2d) 551 (1952).

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.