[No. 34258.   Department One:   May 1, 1958.]

FORREST D. BICE, *Respondent*, v. HUGH A. ANDERSON *et al.*,
*Appellants.*[1]

[1]Reported in 324 P. (2d) 1067.

*Anderson & Hunter* (*M. J. Carlson,* of counsel), for appellants. .

*Clarence J. Coleman,* for respondent.

OTT, J.—March 7, 1956, Forrest D. Bice, a self-employed junk dealer, was injured when a truck driven by Hugh Maffei (an employee of P. K. Anderson & Sons, a construction company) collided with his truck.

Bice commenced this action to recover for his personal injuries and property damage, alleging that Maffei was negligent in failing to yield the right of way. Defendants' answer denied the allegations and alleged, as an affirmative defense, that all parties involved in the accident were covered by the provisions of the workmen's compensation act, and that the immunity proviso of RCW 51.24.010 [*cf.* Rem. Rev. Stat. (Sup.), § 7675] constituted a statutory bar to this action. Plaintiff's reply denied the allegations of defendants' affirmative defense.

Upon the issues thus joined, the cause proceeded to trial before a jury. At the close of the evidence (the defendants having admitted the property damage liability), the court dismissed the jury for the reason that there was no disputed question of fact, and that recovery for plaintiff's personal injuries was barred by the immunity provision of the act. Thereafter, the court granted a new trial upon the ground

that it had erred in its determination that the action was so barred.

From the order granting a new trial, the defendants have appealed.

The facts with which we are here concerned are not in dispute. Respondent had elected to place himself within the provisions of the workmen's compensation act, as provided by RCW 51.12.110 [*cf.* Rem. Rev. Stat., § 7696]. Appellant Hugh Maffei was within the provisions of the act and, at the time of the accident, was acting within the scope of his employment.

On the day of the accident, respondent had received through the mail, at his residential business office in the city of Everett, a check in payment of commodities furnished in the course of his business as a junk dealer. While driving from his office to a restaurant, during his customary lunch period, respondent left his usual route in order to deposit the check in his business account at the bank. While on the detour, and prior to reaching the bank, the accident in question occurred.

This appeal presents a single issue: Is the immunity proviso of RCW 51.24.010 (which was in effect at the time of the accident) applicable to respondent so as to preclude him from maintaining this action?

RCW 51.24.010 provided, *inter alia,*

". . . That no action may be brought against any employer or any workman under this title as a third person if, at the time of the accident, such employer or such workman was in the course of any extrahazardous employment under this title. . . ."

With reference to those who are self-employed, RCW 51-.32.030 [*cf.* Rem. Rev. Stat. (Sup.), § 7675] provided that "Any individual employer" who complied with the provisions of the act "shall be entitled to the benefit of this title, as and under the same circumstances and subject to the same obligations as a workman."

RCW 51.08.180 [*cf.* Rem. Rev. Stat. (Sup.), § 7674-1] defined "workman" as

". . . . every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his personal labor for an employer under this title, whether by way of manual labor or otherwise, in the course of his employment."

The following four essential elements must be established in order to place an employee within the act as a "workman": (1) The relationship of employer and employee must exist, (2) the injured person must be injured in the course of his employment, (3) the employee must be in the actual performance of the duties required by the contract of employment, and (4) the work being done must be such as to require payment of industrial insurance premiums or assessments. *Bridges v. Department of Labor & Industries*, 46 Wn. (2d) 398, 281 P. (2d) 992 (1955); *D'Amico v. Conguista*, 24 Wn. (2d) 674, 167 P. (2d) 157 (1946).

Since the respondent is self-employed, elements Nos. 1 and 3 are not here applicable. With reference to element No. 2, an employee is performing duties in the course of his employment, if he is at the time engaged in the furtherance of the employer's interest. *Lunz v. Department of Labor & Industries*, 50 Wn. (2d) 273, 278, 310 P. (2d) 880 (1957), and cases cited.

In *Morris v. Department of Labor & Industries*, 179 Wash. 423, 429, 38 P. (2d) 395 (1934), we held that, when "The work that appellant [workman] was engaged in at the time of his injury was inseparably intermingled and interwoven with, and a part of, his general employment," he was acting in the furtherance of his employer's interest and was within the provisions of the act. See, also, *Everett v. Department of Labor & Industries*, 167 Wash. 619, 9 P. (2d) 1107, 83 A. L. R. 1003 (1932).

Applying the rules announced above to the instant case, the depositing of business funds, so that disbursements may be made therefrom, is "inseparably intermingled and interwoven with" the business of a junk dealer. The re-

spondent was, therefore, at the time of the accident, acting within the course of his employment.

With reference to element No. 4, under RCW 51.20-.050 [*cf.* Rem. Supp. 1947, § 7676b], the entire business of a "junk dealer" is subject to the payment of premiums as a "Class 6-4" occupation. Having determined that the work being performed by the respondent at the time of the accident was within the course of his employment, such work was, therefore, subject to the payment of industrial insurance premiums.

Respondent contends that, since he was not engaged in the actual handling of junk at the time of the accident, the immunity proviso of RCW 51.24.010, *supra*, is not applicable to him. In *Freeman v. Rinkel*, 50 Wn. (2d) 504, 312 P. (2d) 822 (1957), we held that a workman who was under the provisions of the workmen's compensation act, by virtue of the elective adoption provisions thereof, "surrendered the same rights and received the same benefits as workmen in extrahazardous occupations," and was, therefore, precluded from maintaining a common-law action for negligence against an employer, who was under the act and engaged in extrahazardous employment at the time of the injury.

It is the business or industry of the employer, rather than the activities of the employee, that determines whether the employee is within the provisions of the act. *Bridges v. Department of Labor & Industries, supra,* p. 400, and cases cited.

Respondent elected to place himself under the act, and his premiums covered all of the activities connected with his business as a junk dealer. Under the rule announced in the *Bridges* case, it was not necessary that the respondent, at the time of the accident, be engaged in the actual handling of junk in order to be under the act. The work being done by the respondent was, as we concluded above, inherent in the junk dealer business. The respondent's contention is, therefore, without merit.

Respondent next contends that the accident took

place during his customary lunch hour, and that, since he did not pay industrial insurance premiums for this period, he was outside the coverage of the act. With this contention, we do not agree. Respondent estimated that he devoted four hours a day to his entire junk dealer business activities, and was paying premiums upon this estimate. If it is the contention of respondent that this estimate was not accurate, and that he was, in fact, devoting more than four hours a day to his business as a junk dealer, the collection of sufficient premiums is a matter for the department.

Finally, respondent contends that the main purpose for his trip to the city was to eat lunch, and that the depositing of the check was only incidental thereto. He relies upon the following cases: *Mutti v. Boeing Aircraft Co.*, 25 Wn. (2d) 871, 172 P. (2d) 249 (1946); *Purinton v. Department of Labor & Industries*, 25 Wn. (2d) 364, 170 P. (2d) 656 (1946); *D'Amico v. Conguista, supra; Young v. Department of Labor & Industries*, 200 Wash. 138, 93 P. (2d) 337, 123 A. L. R. 1171 (1939). These cases involve substantially different facts which distinguish them from the case at bar. In the instant case, the depositing of the check required a detour from the direct route to the place where respondent took lunch. Respondent had detoured solely for business reasons, and the accident occurred during the period of this special business mission. In the cited cases, the injured employee was not engaged in any activity which was "inseparably intermingled and interwoven with" his employment, and they are, therefore, not apposite.

For the reasons stated, the respondent was, at the time of the accident, performing duties in the course of his employment, and is, by virtue of the immunity proviso of RCW 51-.24.010, *supra*, precluded from maintaining this action.

The order granting a new trial is reversed, and the cause remanded with instructions to enter a judgment of dismissal.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.