[No. 34808. Department One. December 4, 1958.]

ARDELLE NELSON, *Appellant*, v. BRODERICK & BASCOM ROPE COMPANY, *Respondent*.[1]

*Orvin H. Messegee* and *Ernest R. Cluck*, for appellant.

*Peyser, Cartano, Botzer & Chapman* (*John D. Cartano*, of counsel), for respondent.

OTT, J.—September 6, 1955, Tom Verhoef, an employee of Broderick & Bascom Rope Company, and Ardelle Nelson

[1] Reported in 332 P. (2d) 460.

were engaged in a lovers' quarrel. They had discussed their differences at some length in a telephone conversation that morning. Shortly thereafter, at approximately twelve o'clock noon, while Verhoef was driving a company automobile out of the driveway from a parking area, he was intercepted head on by Ardelle Nelson, driving her Cadillac automobile. Having blocked the exit, she forced Verhoef to back his car into the lot. She pursued him around the parking lot until she cornered his car with hers in such a manner that he could not escape without making a sharp turn to either the right or left.

When both cars were stopped, Ardelle Nelson left her car and approached the car in which Verhoef was sitting. He locked the doors and rolled down the left-door window a few inches. The conversation between them relating to their love affair continued for approximately twenty minutes. When Ardelle Nelson could not gain entrance to the company car operated by Verhoef, she picked up a rock and broke the glass window in the door on the driver's side. Violent argument ensued for about five minutes. While Ardelle Nelson was at the driver's side of the automobile (and, as she stated, was preparing to return to her automobile), Verhoef started the company car in motion and turned it sharply to the left to miss the Cadillac. The evidence is in dispute as to whether Ardelle Nelson hung on to the company car as Verhoef turned it to the left, or whether she was dragged along the side of the automobile some twenty feet, in her effort to avoid being struck. She fell to the ground when Verhoef stopped the car, and was injured.

Ardelle Nelson commenced this action for damages against Broderick & Bascom Rope Company, the employer, contending that she was injured by its employee, Verhoef, while he was engaged in the performance of his master's duties. At the close of the plaintiff's evidence, the court sustained a challenge to its sufficiency and dismissed the action.

From the judgment of dismissal, the plaintiff has appealed.

Appellant contends that, considering the evidence most favorably for appellant, it established that (1) respondent owned the offending vehicle, (2) Verhoef was an employee of respondent and was driving the company vehicle, (3) the incident occurred within the working hours of the employee, (4) the moving of the offending car was in furtherance of the master's business, (5) the incident occurred on the master's property, and that this evidence established a presumption of the employer's liability which was sufficient to submit the issue to the jury.

■ Assuming that these elements establish a presumption of employer liability, the presumption is rebuttable and may be overcome by the plaintiff's testimony. *Gray v. Department of Labor & Industries*, 43 Wn. (2d) 578, 262 P. (2d) 533 (1953); *McNew v. Puget Sound Pulp & Tbr. Co.*, 37 Wn. (2d) 495, 224 P. (2d) 627 (1950); *Van Court v. Lodge Cab Co.*, 198 Wash. 530, 89 P. (2d) 206 (1939); *Hager v. Lenzi*, 152 Wash. 611, 278 Pac. 673 (1929).

■ Further, the doctrine of *respondeat superior* provides, generally, that the master is liable for the acts of his servant committed within the scope or course of his employment. The general rule, however, has several exceptions, one being that, when a servant engages upon a mission in furtherance of his master's business and, thereafter, completely forsakes the purpose of the employment and engages upon an escapade of his own that results in injury to another, the master is not liable. *Gray v. Department of Labor & Industries, supra; McNew v. Puget Sound Pulp & Tbr. Co., supra; Leuthold v. Goodman*, 22 Wn. (2d) 583, 157 P. (2d) 326 (1945); *Van Court v. Lodge Cab Co., supra.* See, also, *Bice v. Anderson*, 52 Wn. (2d) 259, 324 P. (2d) 1067 (1958).

In *Savage v. Donovan*, 118 Wash. 692, 204 Pac. 805 (1922), we said:

" . . . We have held that, when it is shown the vehicle doing the damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the vehicle was then in the possession of the owner, and that whoever was driving it was doing so for the owner. [Citing cases.]

The presumption, however, is a rebuttable one and exists only so long as there is no substantial evidence to the contrary. [Citing cases.]

". . . In cases of this general kind a deviation in the line of travel is often troublesome in the determination of essential and ultimate facts, but never so if it be true, as here, that the deviation is marked and continuous and in no way called for in the execution of the master's business, but indulged in only for the personal pleasure of the servant."

In the instant case, the injury occurred during a lovers' quarrel. Neither of the parties was engaged in any other activity. Verhoef did testify that, at the time he started the company automobile in motion and drove it some twenty feet, he intended to drive to Renton on company business. However, he had not yet returned to the place, in furtherance of his master's business, from which appellant's wrongful interference had driven him. Appellant's evidence established that the escapade in which they were then engaged had not terminated, and that she intended the break in the affair to be only temporary. At the moment of the injury, Verhoef was attempting to extricate himself from the situation developed by the appellant. In applying the law to the facts, the trial court properly found that Verhoef was not furthering his master's business or acting in any manner pursuant to his master's authority at the time the injury was inflicted upon the appellant.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.