# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MR. 99 & ASSOCIATES, INC.;<br>MARTIN S. ROOD,<br><br>                  Appellant,<br><br>            v.<br><br>8011, LLC, a Washington limited liability<br>company; WALTER MOSS and JANE<br>DOE MOSS, husband and wife, and<br>their marital community; KARI GRAVES<br>and JOHN DOE GRAVES, husband and<br>wife, and their marital community;<br>FIRST AMERICAN TITLE COMPANY,<br><br>                  Respondent. | DIVISION ONE<br><br>No. 77995-8-I<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br>FILED: June 17, 2019 |

DWYER, J. — Mr. 99 & Associates, Inc. and Martin Rood brought an action against 8011, LLC seeking an allegedly unlawfully withheld commission payment arising out of the sale of 8011's commercial property. Following a trial court proceeding, Mr. 99 & Associates and Rood prevailed, and their law firm obtained their commission payment and transferred the funds to Mr. 99 & Associates. Subsequently, however, we reversed the judgment on appeal. On remand, the trial court then entered judgment in favor of 8011, awarding restitution and reasonable attorney fees and costs against Mr. 99 & Associates and Rood jointly and severally.

On appeal for the second time, Mr. 99 & Associates and Rood now assert that the trial court (1) erred when it ordered that Rood and Mr. 99 & Associates

were jointly and severally liable to pay restitution of the commission because Rood never personally benefited from the commission payment; (2) erred when it ordered that Rood and Mr. 99 & Associates were jointly and severally liable to pay 8011's attorney fees because Rood was never personally a party to the contract pursuant to which fees were awarded; and (3) abused its discretion by granting 8011 an excessive award of attorney fees.

We conclude (1) that the trial court correctly awarded 8011 restitution against Rood and Mr. 99 & Associates jointly and severally because Rood's attorney was his agent and the agent's receipt of the commission is imputed to the principal, Rood; (2) that Rood is not personally liable for attorney fees because Rood was not a party to the agreement pursuant to which fees were awarded; and (3) that the amount of the fees awarded against Rood and Mr. 99 & Associates was reasonable and therefore not an abuse of discretion. Accordingly, we affirm the trial court's judgment awarding 8011 restitution against Rood and Mr. 99 & Associates, jointly and severally, and the award of attorney fees against Mr. 99 & Associates. We reverse the trial court's award of attorney fees against Rood.

I

This matter arises from a dispute over a brokerage contract "by and between 8011, LLC ('Owner') and Mr. 99 & Associates, Inc. ('Firm')" for the lease or sale of 8011's commercial property. The duration of the agreement was for six months, from July 21, 2011 to January 21, 2012. The agreement contained provisions entitling Mr. 99 & Associates to a five percent commission payment if

2

it successfully brokered a sale either during the duration of the agreement or, subject to certain conditions, within six months of the agreement's expiration. The agreement also contained a unilateral attorney fee provision. An authorized representative of 8011 signed the agreement.

Subsequently, Martin Rood, the agent for Mr. 99 & Associates, attempted to arrange for the sale of 8011's property during the term of the brokerage agreement. But he was unsuccessful, and the property remained unsold at the expiration of the agreement. Mr. 99 & Associates, Inc. v. 8011, LLC, No. 73737-6-I, slip op. at 3 (Wash. Ct. App. Dec. 27, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/737376.pdf (hereinafter Mr. 99 & Associates, Inc. I). Although 8011 eventually sold the property, it was not sold until well after six months past the termination of the agreement. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 5.

Nevertheless, Rood and Mr. 99 & Associates commenced this action against 8011, alleging theories of contract and tort liability, asserting that 8011 had unlawfully failed to pay a commission for their role as the selling agent for 8011's property. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 5. 8011 counterclaimed, asserting violations of the Consumer Protection Act, chapter 19.86 RCW. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 5.

Following extensive motion practice before multiple judges, Rood and Mr. 99 & Associates prevailed in a proceeding before Judge Wilson. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 5-6. Judge Wilson entered judgment awarding Rood and Mr. 99 & Associates $107,000—a five percent commission

3

as provided in the brokerage agreement—and reasonable attorney fees, costs, and prejudgment interest. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 6. In his order awarding attorney fees, Judge Wilson explained that the billing rates and number of hours worked by Rood's and Mr. 99 & Associates' law firm, Lee Smart, were reasonable and that the fees for unsuccessful or unproductive work product could not be segregated because all fees arose from the action on the contract. The total judgment amount was $334,757.67. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 6.

Subsequently, money held in the court's registry pending the outcome of the litigation, totaling $134,000, was released to Rood's and Mr. 99 & Associates' law firm, Lee Smart, which deposited it into its trust account. Lee Smart then transferred the money to Mr. 99 & Associates via check.

8011 appealed the judgment and we reversed, concluding that Rood and Mr. 99 & Associates were not entitled to a commission. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 2. We vacated the judgment and accompanying fee award, and remanded to the trial court for entry of judgment as a matter of law in favor of 8011 and for such other ancillary proceedings as were necessary. Mr. 99 & Associates, Inc. I, No. 73737-6-I, slip op. at 20-21.

On remand, 8011 sought restitution and an award of attorney fees before a new judge, Judge Appel. In written findings of fact and conclusions of law, Judge Appel concluded that 8011's attorneys charged reasonable hourly rates, reasonably segregated those fees which were practicably segregable, and that all the remaining fees were not segregable. In reaching this conclusion, Judge

4

Appel relied not only on submissions by the parties, but also on Judge Wilson's earlier determination during the first trial court proceeding that none of the fees charged by Rood's and Mr. 99 & Associates' attorneys were segregable. Judge Appel entered judgment awarding restitution, reasonable attorney fees and costs, and prejudgment interest "against all Plaintiffs in this action, jointly and severally, in the amount of $488,395.80." Rood and Mr. 99 & Associates appeal.

II

Rood and Mr. 99 & Associates raise three primary contentions on appeal. First, they contend that the trial court erred when it ordered that Rood and Mr. 99 & Associates were jointly and severally liable to pay restitution of the money previously disbursed to them from the court registry. Second, they contend that the trial court erred when it ordered that Rood and Mr. 99 & Associates were jointly and severally liable to pay 8011's attorney fees. Third, they contend that the trial court erred by granting 8011 an excessive award of attorney fees.

A

Rood and Mr. 99 & Associates first contend that the trial court erred by ordering that Rood and Mr. 99 & Associates were jointly and severally liable to pay restitution. Specifically, they assert that Rood cannot be personally liable to pay restitution because he never received nor had control over the commission paid out of the court registry following the first trial court proceeding. This is so, Rood asserts, because the commission at issue was paid to Mr. 99 & Associates and Rood did not ever receive the benefit of the commission. We disagree.

5

"A trial court's determination whether to award restitution under RAP 12.8 is reviewed for abuse of discretion." Ehsani v. McCullough Family P'ship, 160 Wn. 2d 586, 589, 159 P.3d 407 (2007). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn. 2d 39, 46-47, 940 P.2d 1362 (1997).

"The purpose of restitution is to remedy unjust enrichment. Ehsani, 160 Wn.2d at 594 (citing RESTATEMENT OF RESTITUTION § 1 (1937)). RAP 12.8 sets forth the conditions under which a trial court may order restitution:

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

Our Supreme Court has indicated that "Restatement of Restitution § 74 is an appropriate source to be used in construing RAP 12.8." Ehsani, 160 Wn.2d at 591. The Restatement provides that

> [a] person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

RESTATEMENT OF RESTITUTION § 74.

Restitution is "inequitable" when it "would not serve the purpose of remedying unjust enrichment.'" In re of Estate of Langeland, 195 Wn. App. 74, 89-90, 380 P.3d 573 (2016) (quoting Ehsani, 160 Wn.2d at 592).

Rood and Mr. 99 & Associates assert that it would be inequitable to hold Rood personally liable for restitution because the commission money was ultimately transferred to Mr. 99 & Associates, not to Rood. Rood and Mr. 99 & Associates forget, however, that following the first trial court proceeding in this matter—in which Rood and Mr. 99 & Associates prevailed—the commission held in the court registry was disbursed to their attorney's law firm, Lee Smart. "Under agency law, the general rule is that if an attorney is authorized to appear on a client's behalf, the attorney's acts are binding on the client." Ha v. Signal Elec., Inc., 182 Wn. App. 436, 447, 332 P.3d 991 (2014) (citing Haller v. Wallis, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978)). As attorney for both Rood and Mr. 99 & Associates, when Lee Smart took possession of the commission funds from the court registry, they were effectively placed under both Rood's and Mr. 99 & Associates' control. Because Lee Smart was acting on Rood's behalf as his attorney, Lee Smart's possession and control over the commission funds from the court registry are imputed to Rood. See Houser v. City of Redmond, 91 Wn.2d 36, 40, 586 P.2d 482 (1978) (when agents act within the scope of their employment, their actions are the actions of the principal).

That Rood later relinquished personal control over the commission funds when Lee Smart transferred the money to Mr. 99 & Associates is irrelevant. His agent's possession and control over the funds was sufficient. Because Rood

7

personally received and controlled, through his agent, the benefit of the commission payment, we conclude that the trial court did not abuse its discretion by ordering that Rood is jointly and severally liable with Mr. 99 & Associates for payment of restitution.

B

Rood and Mr. 99 & Associates next contend that the trial court erred by ordering that they are jointly and severally liable to pay 8011's attorney fees. Rood asserts that he is not personally liable for attorney fees because he was not a party to the contract. We agree.

"Whether a party is entitled to attorney fees is an issue of law that we review de novo." Little v. King, 147 Wn. App. 883, 890, 198 P.3d 525 (2008) (citing Tradewell Grp., Inc. v. Mavis, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993)). "Washington follows the American rule 'that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity.'" Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001) (quoting McGreevy v. Or. Mut. Ins. Co., 128 Wn.2d 26, 35 n.8, 904 P.2d 731 (1995)).

The brokerage agreement through which 8011 asserted its right to an award of attorney fees contains an attorney fee shifting provision.[1] The brokerage agreement, however, states that "[t]his agreement is made by and

---

[1] Although the attorney fee provision in the brokerage agreement is unilateral—awarding fees only to a party successfully bringing suit to enforce the terms of the agreement—RCW 4.84.330 makes such unilateral fee shifting terms, entered into after September 21, 1977, bilateral.

between 8011, LLC ('Owner') and Mr. 99 & Associates, Inc. ('Firm')." By its explicit terms, the contract is between 8011 and Mr. 99 & Associates, not Rood personally.[2] Therefore, the trial court erred when it ordered Rood jointly and severally liable with Mr. 99 & Associates for the payment of 8011's attorney fees.

## C

Mr. 99 & Associates also contends that the trial court erred by awarding excessive attorney fees in favor of 8011 without a meaningful evaluation or adjustment. Mr. 99 & Associates asserts that the attorney fee award was excessive because the trial court did not require 8011 to segregate fees. Furthermore, Mr. 99 & Associates asserts that the trial court erred by failing to reduce 8011's fees under the lodestar method.[3] We disagree.

---

[2] 8011 does not contest that the brokerage agreement lists only 8011 and Mr. 99 & Associates as parties. Instead, 8011 asserts that, under the equitable doctrine of judicial estoppel, Rood is precluded from arguing that he should not be personally liable for the award of attorney fees because he claimed he was personally entitled to an award of attorney fees when he prevailed in the initial trial court proceeding in this case. We disagree.

"'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'" Gosney v. Fireman's Fund Ins. Co., 3 Wn. App. 2d 828, 880-81, 419 P.3d 447 (internal quotation marks omitted) (quoting Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007)), review denied, 191 Wn.2d 1017 (2018). To determine whether to apply the doctrine, we are guided by three core factors:

> (1) whether the party's later position is clearly inconsistent with its earlier position, (2) whether acceptance of the later inconsistent position would create the perception that either the first or the second court was misled, and (3) whether the assertion of the inconsistent position would create an unfair advantage for the asserting party or an unfair detriment to the opposing party.

Taylor v. Bell, 185 Wn. App. 270, 282, 340 P.3d 951 (2014) (citing Anfinson v. FedEx Ground Package Sys., Inc., 174 Wn.2d 851, 861, 281 P.3d 289 (2012)).

We decline to apply the doctrine here because Rood did not actually gain an advantage through his inconsistent arguments. Although it is so that he was initially the beneficiary of an attorney fee award, we stripped this benefit from him by reversing the judgment. Thus, in the end, he did not gain an unfair advantage.

[3] Using the lodestar method for determining a reasonable award of attorney fees, a court multiplies the number of hours reasonably expended by the reasonable hourly rate of compensation. Chuong Van Pham v. Seattle City Light, 159 Wn. 2d 527, 538, 151 P.3d 976 (2007). The hours reasonably expended must be spent on claims having a common core of facts and related legal theories, while the court should discount hours spent on unsuccessful claims,

The amount of attorney fees awarded is an issue within the trial court's broad discretion. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998). The trial court must calculate the fees using the lodestar method of analysis. Mahler, 135 Wn. 2d at 434-35. The trial court must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question. SentinelC3, Inc. v. Hunt, 181 Wn. 2d 127, 144, 331 P.3d 40 (2014) (citing Mahler, 135 Wn. 2d at 435). The record must explain, for example, whether the rates billed were reasonable.[4] SentinelC3, Inc., 181 Wn. 2d at 144.

The attorney fee request itself must properly reflect a segregation of the time spent on issues for which an award of fees is authorized from time spent on other issues. Smith v. Behr Process Corp., 113 Wn. App. 306, 344, 54 P.3d 665 (2002). However, a court need not segregate time when the various claims are "'so related that no reasonable segregation of successful and unsuccessful claims can be made.'" Mayer v. City of Seattle, 102 Wn. App. 66, 80, 10 P.3d 408 (2000) (quoting Hume v. Am. Disposal Co., 124 Wn.2d 656, 673, 880 P.2d 988 (1994)).

The brokerage agreement herein provided for an award of attorney fees for the party who succeeds in a claim to enforce the agreement.

---

duplicated or wasted effort, or otherwise unproductive time. Chuong Van Pham, 159 Wn. 2d at 538.

[4] The court, however, need not analyze time sheets hour by hour. Absher Constr. Co. v. Kent Sch. Dist. No. 415, 79 Wn. App. 841, 848, 905 P.2d 1229, 917 P.2d 1086 (1995). Nor must it "deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request." Berryman v. Metcalf, 177 Wn. App 644, 658, 312 P.3d 745 (2013).

8. ATTORNEY'S FEES. In the event either party employs an attorney to enforce any terms of this Agreement and is successful, the other party agrees to pay a reasonable attorney's fee and any costs and expenses incurred. In the event of a trial, venue shall be in the county in which the Property is located, and the amount of the attorney's fee shall be as fixed by the court.

This contractual provision is unilateral, granting fees only to a party successfully suing to enforce the terms of the agreement. But RCW 4.84.330 provides that unilateral fee provisions in contracts, entered into after September 21, 1977, are to be treated as bilateral provisions. Thus, this provision provides sufficient basis for the award of attorney fees to 8011.

Mr. 99 & Associates contends that fees recoverable under the brokerage agreement are limited to fees related to the enforcement of the contract. Therefore, Mr. 99 & Associates contends, because 8011's counterclaims are not claims to enforce the contract, they are not recoverable under the attorney fee provision. We disagree.

Judge Appel's findings of fact and conclusions of law amply support his order granting 8011's fees.[5] Judge Appel made the necessary findings that 8011's lawyers charged rates at or below market value, that 8011 appropriately excluded fees unrelated to the brokerage agreement, and that no other factors existed to justify further reductions. Judge Appel's conclusion that the remaining fees, including those pertaining to 8011's counterclaims, "arose of the same transaction," that is, they "arose out of that contract, and the contract is central to

---

[5] The parties did not submit a report of the proceedings before Judge Appel for us to review. Thus, we base our review on the written submissions of the parties and on Judge Appel's findings of fact and conclusions of law to determine if the findings of fact support the conclusions of law and if the conclusions of law support the award of attorney fees.

the dispute," is supported not only by his own review of the record but also by Judge Wilson's earlier determination that none of Rood's and Mr. 99 & Associates' fees were segregable.

To support its contention that 8011's counterclaim fees should have been excluded, Mr. 99 & Associates cites to Boguch v. Landover Corp. 153 Wn. App. 595, 224 P.3d 795 (2009). In Boguch, however, the contract that contained the fee provision was not central to the dispute. Therein, Boguch sued his real estate brokerage firm and two real estate agents for common law negligence and for violation of their statutory duties under chapter 18.86 RCW, and also brought an unspecified breach of contract claim. Boguch's central allegation was that the agents violated statutory duties, not contractual duties. We concluded that the suit sounded in tort, rather than contract, the contract being "ancillary to the dispute." Boguch, 153 Wn. App. at 619.

The opposite is true here. Both Judge Wilson and Judge Appel concluded that the brokerage agreement is central to the dispute. Furthermore, when Rood and Mr. 99 & Associates prevailed at the first trial court proceeding, they sought an award of attorney fees under the brokerage agreement's attorney fee provision, without segregating fees incurred in response to 8011's counterclaims. Rood and Mr. 99 & Associates took the position that this case sounds primarily in contract—specifically in defendants' supposed breach of their legal obligation to pay a commission pursuant to the brokerage agreement. Thus, in our view, the record, as presented to us, amply supports Judge Appel's determination that fees

12

pertaining to 8011's counterclaims were not segregable. Judge Appel properly exercised his discretion with regard to the attorney fee award.

We reverse the trial court's order making Rood jointly and severally liable with Mr. 99 & Associates for the award of attorney fees, but otherwise affirm the judgment against Rood and Mr. 99 & Associates. Because we affirm the judgment against Mr. 99 & Associates, we also award 8011 its fees and costs on appeal against Mr. 99 & Associates. Upon 8011's compliance with RAP 18.1, a commissioner of our court will enter an appropriate order awarding fees and costs.

Affirmed in part, reversed in part.

_____

We concur:

_____

Mann, A.C.J.

_____

Leach, J.